Dear Ms. Anthony:
You have requested an opinion of the Attorney General regarding the legal authority, vel non, for the Board of Veterinary Medicine Examiners (the "Board") to enter into a lease-purchase agreement for the purpose of providing the Board with permanent office space in a building in which it is currently housed.
As you are aware, in order for a state department, agency, board or district to buy or sell immovable property, it must be specifically authorized to do so by legislative act. Attorney General Opinion Nos. 94-226 and 82-247.
The Board is created pursuant to R.S. 37:1515. R.S. 37:1517(A)(6) specifically authorizes the Board to: "purchase or rent necessary office space, equipment, and supplies." Accordingly, the Board is specifically authorized to lease and/or purchase a building to be used for office space.
Based on the above, it is the opinion of this office that, included within the authority for the Board to acquire a building for use as office space, is the authority to accomplish same through a lease-purchase agreement.
We next draw your attention to R.S. 39:11(A) which provides the following:
 "A. The commissioner of administration shall administer and supervise lands, water bottoms, and facilities owned or leased by the state of Louisiana. The commissioner shall be an essential party to all transactions involving immovable property in which the state has an interest. No such immovable property shall be acquired, transferred, leased, or encumbered without the commissioner being a party to the transaction."
As can be gleaned from the above, any lease-purchase transaction for the acquisition of the desired building must be coordinated with the commissioner of administration who has been deemed by law to be an essential party thereto.
You further ask whether it is necessary to obtain legislative approval for the proposed lease-purchase transaction. We have reviewed the relevant statutory and constitutional provisions which pertain to this issue and find no authority which would require the Board to seek and obtain legislative approval for the acquisition of the property.
It should be noted, that, with limited exceptions, Article VII, Section 6 of the Louisiana Constitution of 1974, prohibits the Board from incurring debt and/or issuing bonds. In addition, R.S.39:1410.31 requires the prior written approval of the State Bond Commission before debt can be incurred. Any agreement to the contrary would be unconstitutional and absolutely null and void.
However, this office has consistently held that a debt is not incurred under a lease-purchase agreement if the agreement contains a "non-funding out" clause. A "non-funding out" or "non-appropriations" clause provides that, if for any reason, the Board fails to appropriate or make available funds to meet its obligations under the agreement in any budget year, the agreement may be terminated with no penalty. When this clause is included in the agreement, it is, in essence, stating that the contract is funded on a year-to-year basis on current revenues, thereby negating the debt. Care should be taken that no additional clauses are structured into the agreement which would result in a penalty against the Board for cancellation. Thus, for example, a non-substitution clause would be similarly prohibited.
Accordingly, it is the opinion of this office that, should the agreement contemplated in your request contain a "non-funding out" clause and the Board incurs no penalty for cancellation of the agreement, it would be permissible to execute same without State Bond Commission approval.
Trusting this answers your inquiries in regard to this matter, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob, III/cla